# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2021

Lyle W. Cayce
Clerk

No. 19-60718
Summary Calendar

Jorge Manuel Garcia-Perez, *also known as* Jorge Garcia,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 865 378

---

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

　　Petitioner Jorge Manuel Garcia-Perez, a native and citizen of Guatemala, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), dismissing his appeal of the Immigration Judge's (IJ) denial of his application for withholding of removal and relief

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60718

under the Convention Against Torture (CAT).  Garcia-Perez argues that he has faced persecution and will face future persecution because of an imputed political opinion opposing corruption and gangs.

We review the final decision of the BIA and also consider the IJ's decision if it influenced the determination of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  We review the BIA and IJ's factual findings for substantial evidence and questions of law *de novo*.  *Id*. at 594.

Garcia-Perez, at best, offers only conclusional assertions "of a generalized 'political' motive" for the harm he suffered.  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).  Instead, the record and pleadings as a whole instead indicate that the alleged persecutors' motives were based on economic incentive. Garcia-Perez does not point to any evidence that would compel the conclusion that he might be persecuted "to any extent on account of or motivated by [his] political opinion," imputed or otherwise.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).  The IJ and BIA did not err in ruling that Garcia-Perez was ineligible for withholding of removal.  *See* 8 U.S.C. § 1231(b)(3); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Garcia-Perez also contends that he is eligible for protection under the CAT because he will more likely than not be tortured, with the acquiescence of the government, if he returns to Guatemala.  Although he contends that public officials do nothing to combat the gangs' criminal activities, the record reflects that the police met with Garcia-Perez after he reported crimes and indicated that they would commence investigations.  Outside of general assertions, Garcia-Perez has not demonstrated that the threats by gang members amount to the "extreme form of cruel and inhuman treatment" that defines torture under the applicable law.  8 C.F.R. § 1208.18(a)(2). Garcia-Perez has not shown that the evidence compels the conclusion that he

No. 19-60718

is eligible for relief under the CAT.  *See Orellana-Monson*, 685 F.3d at 518; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

Garcia-Perez lastly contends that the BIA erred when it rejected his claim that the IJ conducted an unfair hearing and exhibited bias against him. Even if we assumed *arguendo* that the IJ committed errors that violated Garcia-Perez's right to due process, he has not demonstrated that the violations affected the outcome of the proceedings. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

The petition for review is DENIED.